## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LINDA WRIGHT, as Personal Representative for the Estate of Venoia Wright, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 13-CV-419-TCK-FHM |
| WESTERN SHAMROCK CORPORATION d/b/a WESTERN FINANCE ASSOCIATES, and KIRK KVITTUM, | ) ) ) ) | |
| Defendants, | ) ) | |
| AND | ) ) | |
| WESTERN SHAMROCK CORPORATION d/b/a WESTERN FINANCE ASSOCIATES, | ) ) ) | |
| Defendant/Third-Party Plaintiff, | ) ) | |
| vs. | ) ) | |
| SDM PROPERTIES, LLC, | ) ) | |
| Third-Party Defendant. | ) | |

## OPINION AND ORDER

Before the Court is the Motion to Dismiss by Third-Party Defendant SDM Properties, LLC

("SDM") (Doc. 23), whereby SDM seeks to dismiss the Third-Party Complaint filed by Defendant

Western Shamrock Corporation, d/b/a Western Finance Associates ("Western").

## I.      Factual Allegations

Plaintiff Linda Wright, as Personal Representative for the Estate of Venoia Wright

("Personal Representative"), alleges that Venoia Wright ("Wright") sustained injuries while at

Western's location in Pryor, Oklahoma.[1] Specifically, the Personal Representative alleges that "[a]s a direct and proximate result of the Defendants' negligence, which resulted in Defendants' entrance door being blown inward and striking Plaintiff, Venoia Wright, on or about the 11th day of May, 2011, Plaintiff sustained personal injuries."[2] (First Am. Pet. ¶ 4.) On September 18, 2013, Western filed a Third-Party Complaint against SDM (Doc. 18). In the Third-Party Complaint, Western demands indemnification from SDM should Western be found liable to Wright. Western alleges that SDM, as Western's landlord, was responsible for maintaining all exterior portions of the building pursuant to the lease between Western and SDM and must be held liable for any injury caused by the entrance door.

## II. Jurisdiction

SDM has not moved to dismiss the Third-Party Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure; however, the motion contains a footnote implying that the Court may lack jurisdiction over Western's third-party claims. (Mot. to Dismiss 3 n.3 (implying that non-diverse third-party defendant destroys diversity jurisdiction).) Even though the parties have not expressly challenged the Court's subject matter jurisdiction, the Court has an independent duty to examine its jurisdiction. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) ("If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*. Therefore, lack

---

[1] Wright initiated this action in the District Court for Mayes County, Oklahoma. Western later removed the action to this Court. On April 21, 2014, Plaintiff filed a Motion to Substitute indicating that Wright had passed away and seeking to substitute the Personal Representative as plaintiff. (Doc. 38.) The Court granted this motion.

[2] As used in Plaintiff's First Amended Petition, the term "Defendants" refers to both Western and Kirk K. Kvittum. Kvittum was dismissed without prejudice from this action before it was removed to this Court.

of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.") (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909) (10th Cir. 1974)).

In its footnote, SDM claims "there seems to be a split of authority on whether non-diverse third-parties affect diversity jurisdiction, with no direct precedent from the 10th Circuit having been located . . . ." (Mot. to Dismiss 3 n.3.)  Such an assertion by SDM could not be more incorrect.  In the Tenth Circuit, "[i]t is well settled . . . that a court has ancillary jurisdiction of a defendant's proper rule 14(a) claim against a third-party defendant without regard to whether there is an independent basis of jurisdiction (e.g., diversity between the third-party litigants), so long as the court has jurisdiction of the main claim between the original parties." *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1158 (10th Cir. 1990).[3]  Here, Plaintiff, a citizen of Oklahoma, and Wright, a citizen of Texas, are completely diverse, providing this Court with an independent basis of jurisdiction pursuant to 28 U.S.C. § 1332.  Accordingly, the citizenship of SDM does not matter, and the Court has ancillary jurisdiction over Wright's third-party claim against SDM.

---

[3]  Pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." With its Third-Party Complaint, Western asserts an indemnity claim against SDM and, therefore, serves the goal of Rule 14 by "accomplish[ing] in one proceeding the adjudication of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits." *Southcrest, L.L.C. v. Bovis Lend Lease, Inc.*, No. 10-CV-0362-CVE-FHM, 2011 WL 941363, at *2 (N.D. Okla. Mar. 16, 2011) (internal quotation marks omitted) (citing *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1498 (10th Cir. 1983)).

**III.    Rule 12(b)(6) Standard**

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).[4]

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted).  "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.*  "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional

---

[4]  In its sur-reply, Western cites *Conley v. Gibson*, 355 U.S. 41 (1957), and argues that a complaint may not be dismissed "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery." (Doc. 31 at 2.)  The Supreme Court "retired" the *Conley v. Gibson* standard cited by Western in 2007 and replaced it with the *Twombly* plausiblity standard. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248.

In its response, Western argues SDM's Motion to Dismiss should be converted into a motion for summary judgment. SDM attaches the following exhibits to its motion: (1) the docket sheet for this proceeding from the District Court for Mayes County, Oklahoma, prior to removal, (2) the docket sheet for this proceeding, (3)Western's Third-Party Complaint against SDM (Doc. 18), (4) a lease agreement between SDM and Western ("Lease"), and (5) printout from the Oklahoma Secretary of State website regarding SDM's corporate information. Of these exhibits, the Court has considered only the Lease in ruling on SDM's Motion. However, consideration of the Lease does not warrant conversion. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."). Although Western did not attach the Lease to the Third-Party Complaint, provisions in the Lease are cited in the Third-Party Compliant and central to Western's claim against SDM. Western has not disputed the accuracy of the copy of the Lease attached as an exhibit to SDM's Motion. Therefore, the Court may consider the Lease in ruling on SDM's motion without converting the motion to dismiss to one for summary judgment.

## III.    Indemnification Claim

SDM seeks dismissal of Western's indemnification claim on two grounds, each of which is addressed below.

A.      Statute of limitations

To the extent Western has asserted a negligence claim against SDM, SDM moves to dismiss

such claim on the basis that it is barred by the applicable statute of limitations.  Under Oklahoma

law, a negligence action must be brought within two years of the date of the injury.  Okla. Stat. tit.

75, § 5.5.  It does not appear that Western has alleged a separate negligence claim against SDM.[5]

Instead, Western has alleged that if it is liable to Plaintiff, then Western is entitled to indemnification

from SDM based on alleged negligence by SDM in maintaining the exterior of the building pursuant

to the lease between Western and SDM.  Therefore, Western's claim against SDM is solely a claim

of indemnification.  An indemnification claim does not accrue until the defendant's liability is

established.  *State Farm Mut. Auto. Ins. Co. v. Perry*, 104 P.3d 1136, 1138 (Okla. Civ. App. 2005).

Western's liability has not yet been established and, therefore, its indemnification claim is timely.

B.      Sufficiency of allegations

SDM makes three arguments in support of dismissal.  First, SDM contends that an action for

indemnification is a "creature of contract" that does not exist under common law.  In Oklahoma,

"[t]he right to indemnity is not limited to cases where there is an express agreement to that effect."

*Central Nat'l Bank of Poteau, Okla. v. McDaniel*, 734 P.2d 1314, 1316 (Okla. Civ. App. 1987); *see*

*also Porter v. Norton-Stuart Pontiac-Cadillac of Enid*, 405 P.2d 109, 113 (Okla. 1965) ("[A] person

who, without fault on his own part, has been compelled to pay damages occasioned by the primary

negligence of another is entitled to indemnity from the latter, whether contractual relations exist

between them or not.") (internal quotation marks omitted).  Accordingly, Western may bring an

_____

[5] If Western intended to allege a separate negligence claim against SDM, any such claim
would be barred by the statute of limitations.

indemnification action against SDM even though no contract between the parties expressly provides such a right.

Second, SDM asserts that "Western's Third-Party Complaint does not allege that it has paid any monies to Plaintiff for which it is entitled to reimbursement and it therefore fails to state a claim for indemnification." (Doc. 23 at 4.) SDM is correct in that Western has not yet paid any monies to Plaintiff. A determination of whether Western owes Plaintiff any damages is the entire purpose of this proceeding. Western has plausibly stated a claim for indemnification even though it has not yet paid any monies to Plaintiff.

Finally, SDM argues that the Lease between SDM and Western prohibits any indemnification action by Western against SDM. Under the Lease, "**LESSEE** waives all claims against **LESSOR** for damages to goods or for injuries to persons on the premises from any cause arising at any time." (Ex. 4 to Mot. to Dismiss 3 (emphasis in original).)[6] Clauses such as this one are known as "exculpatory clauses" and "release[] in advance the second party for any harm the second party might cause the first party after the contract is entered." *Federated Rural Elec. Ins. Corp. v. Williams*, Nos. 97,043 & 97,051, 2002 WL 31041863 (Okla. Civ. App. July 12, 2002). Under Oklahoma law, an exculpatory clause may be enforceable where: (1) the language evidences a clear and unambiguous intent to exonerate the defendant from liability for the damages sought; (2) at the time the contract was executed, there was "no vast difference" in bargaining power between the parties; and (3) enforcement of the clause will not violate public policy. *Schmidt v. United States*, 912 P.2d 871, 874 (Okla. 1996); *see also Ross v. Public Storage*, No. CIV-13-758-C,

---

[6] Neither SDM nor Western cited any authority addressing similar clauses. However, the Court has conducted independent research regarding the effect and enforceability of such clauses.

2014 WL 1276496, at *1 (W.D. Okla. Mar. 27, 2014). The parties have not cited this standard or addressed these factors in their briefing, and, therefore, the Court is unable to evaluate the case under the appropriate standard. Moreover, analysis of these factors will likely require consideration of evidence outside the pleadings and is not appropriate at the Rule 12(b)(6) stage.

## V. Conclusion

The Motion to Dismiss by Third-Party Defendant SDM Properties, LLC (Doc. 23) is DENIED. Third-Party Defendant SDM Properties, LLC is ordered to file an answer to Third-Party Plaintiff Western Shamrock Corporation's Third-Party Complaint within 14 days of this Opinion and Order.

SO ORDERED this 3rd day of June, 2014.


**TERENCE KERN**
**United States District Judge**

8