**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **LINDA WRIGHT, as Personal Representative for the Estate of Venoia Wright,** )<br>)<br>) | |
| **Plaintiff,** )<br>) | |
| v. ) | Case No. 13-CV-419-TCK-FHM |
| )<br>**WESTERN SHAMROCK CORPORATION d/b/a WESTERN FINANCE ASSOCIATES, and KIRK KVITTUM,** )<br>)<br>)<br>) | |
| **Defendants,** )<br>) | |
| **AND** )<br>) | |
| **WESTERN SHAMROCK CORPORATION d/b/a WESTERN FINANCE ASSOCIATES,** )<br>)<br>) | |
| **Defendant/Third-Party Plaintiff,** )<br>) | |
| v. )<br>) | |
| **SDM PROPERTIES, LLC,** )<br>) | |
| **Third-Party Defendant.** ) | |

**OPINION AND ORDER**

Before the Court are (1) Third-Party Defendant SDM Properties, LLC's Motion fo Summary Judgment (Doc. 66); (2) Defendant/Third-Party Plaintiff Western Shamrock Corporation's Amended Motion for Summary Judgment (Doc. 73); (3) Defendant/Third Party Plaintiff Western Shamrock Corporation's Motions in Limine (Doc. 79); and (4) Joint Motion for Status Conference (Doc. 93).

**I.     Factual and Procedural Background**

For purposes of summary judgment, the following facts are undisputed. On September 23, 2010, Third-Party Defendant SDM Properties, LLC ("SDM") entered into a lease agreement

("Lease") with Defendant/Third-Party Plaintiff Western Shamrock Corporation, d/b/a Western Finance Associates ("Western"), whereby Western leased premises from SDM. On or about May 11, 2011, Venoia Wright was struck by the entrance door of the leased premises when it was blown inward, causing serious injuries.[1] According to Plaintiff, Western's negligence caused the door to be blown inward and resulted in Venoia Wright's injuries and wrongful death.

On June 12, 2012, Venoia Wright filed this action in the District Court of Mayes County, Oklahoma against Western and another defendant, who was later dismissed. Western removed the action to this Court on July 11, 2013.[2] On September 18, 2013, Western filed a Third-Party Complaint against SDM, demanding indemnification from SDM should Western be found liable to Plaintiff. Specifically, Western alleges that SDM, as Western's landlord, was responsible for maintaining all exterior portions of the building, including the entrance door, pursuant to the Lease and that SDM's negligent maintenance of the door caused Plaintiff's injuries. On February 19, 2015, Plaintiff filed a Stipulation of Dismissal, dismissing with prejudice all claims against Western, leaving only Western's claims against SDM pending. Western and SDM filed cross-motions for summary judgment.

**II.     Summary Judgment Standard**

Summary judgment is proper only if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that no genuine issue of material fact exists. *See Zamora v. Elite*

---

[1] During the pendency of the litigation, Venoia Wright passed away and Plaintiff Linda Wright, as Personal Representative for the Estate of Venoia Wright, was substituted as the plaintiff ("Plaintiff").

*Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006).  The Court resolves all factual disputes and draws all reasonable inferences in favor of the non-moving party.  *Id.*  However, the party seeking to overcome a motion for summary judgment may not "rest on mere allegations" in its complaint but must "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  The party seeking to overcome a motion for summary judgment must also make a showing sufficient to establish the existence of those elements essential to that party's case.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-33 (1986).  The relevant legal standard does not change where the parties file cross motions for summary judgment, and each party has the burden of establishing the lack of a genuine issue of material fact and entitlement to judgment as a matter of law.  *See Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000).

**III.   SDM's Motion for Summary Judgment**

SDM argues it is entitled to judgment as a matter of law because the Lease prohibits any indemnification action by Western against SDM.  The Lease provides, in part, as follows:

> **LIABILITY**
> **(14) LESSEE** [Western] waives all claims against **LESSOR** [SDM] for damages to goods or for injuries to persons on the premises from any cause arising any time. **LESSEE** [Western] will indemnify **LESSOR** [SDM] on account of any damage or injury to any person, or to the good of any person, arising from the use of the premises by **LESSEE** [Western], or arising from the failure of **LESSEE** [Western] to keep the premises in good condition as provided herein.  **LESSOR** [SDM] shall not be liable to **LESSEE** [Western] for any damage by or from any act or negligence of any other occupant of the same building, or by any owner or occupant of adjoining or contiguous property. . . .

(Lease, Doc. 66-1, ¶ 14).  As discussed in this Court's prior Opinion and Order denying SDM's Motion to Dismiss (Doc. 46), clauses such as this are known as "exculpatory clauses" and "release[] in advance the second party for any harm the second party might cause the first party after the

3

contract is entered." *Federated Rural Elec. Ins. Corp. v. Williams*, Nos. 97,043 & 97,041, 2002 WL 31041863, at *4 (Okla. Civ. App. July 12, 2002).

### A.   Validity of Exculpatory Clause

Under Oklahoma law, exculpatory clauses will be enforced as long as:

> (1) their language [ ] evidence[s] a *clear and unambiguous* intent to exonerate the would-be defendant from liability for the sought-to-be recovered damages; (2) at the time the contract (containing the clause) was executed there must have been *no vast difference* in bargaining power between the parties; and (3) enforcement of these clauses must never (a) be injurious to public health, public morals or confidence in the administration of the law *or* (b) so undermine the security of individual rights vis-à-vis personal safety or private property as to *violate public policy*.

*Schmidt v. United States*, 912 P.2d 871, 874 (Okla. 1996) (emphases in original); *see also Union Pacific R.R. Co. v. United States ex rel. U.S. Army Corps of Engineers*, 591 F.3d 1311, 1321 (10th Cir. 2010) (applying *Schmidt*). An exculpatory clause will never "relieve a party from liability for intentional, willful or fraudulent acts or gross, wanton negligence." *Schmidt*, 912 P.2d at 874.

#### 1.   Clear and Unambiguous Intent

To satisfy the first element, an exculpatory clause must clearly demonstrate an intent to relieve that person from fault and describe the nature and extent of damages from which that party seeks to be relieved. *Id.* at 874. That is, the clause must identify the tortfeasor to be released, the nature of the wrongful act, and the type and extent of damages covered. *Id.* Western argues the clause at issue cannot satisfy this element because (1) the language does not provide for indemnification by Western for SDM's negligence (even though it requires Western to indemnify SDM under other circumstances), or, alternatively, (2) the language is ambiguous as to whether SDM's negligence is included in the indemnification provision. (Doc. 71 at 11.) The Court finds neither argument persuasive.

4

The language in the exculpatory clause evidences a clear and unambiguous intent to release SDM from liability for "damages to goods or for injuries to persons on the premises *from any cause arising any time*." (Doc. 66-1, ¶ 14 (emphasis added).) Such language clearly indicated to Western that it was releasing SDM from *all* liability for *any* claims brought as a result of damage to goods or injuries to persons *from any cause*, which includes SDM's negligence. The clause is short and uses words which are easily understood by even a layperson. Therefore, the clause satisfies the first element.

### 2.   Bargaining Power

In evaluating the equality of the bargaining power between the parties, courts consider two factors: (1) the importance of the subject matter to the physical or economic well-being of the releasing party, and (2) the amount of free choice the releasing party could have exercised in seeking alternate services. *Schmidt*, 912 P.2d at 874. "Where a party has free choice to obtain alternate services, bargaining power is relatively equal." *Ross v. Pub. Storage*, No. CIV-13-758-C, 2014 WL 1276496, at *1 (W.D. Okla. Mar. 27, 2014).

If there was any disparity in bargaining power between the parties, such disparity would have favored Western, as the releasing party. SDM is a closely-held company that is owned and operated by a single individual in rural Oklahoma. Western is a large regional corporation, headquartered in San Angelo, Texas, with over three hundred offices in nine states and Mexico. Enforcing the exculpatory clause would not have any significant – or, perhaps, even any noticeable – impact on Western. Neither party has presented the Court with any evidence or argument regarding the availability of other options, but the Court presumes alternative properties were available for lease.

Therefore, the Court finds there was no vast difference in bargaining power between Western and SDM, and the second element is satisfied.

### 3. Violation of Public Policy

Courts have identified two classes of exculpatory clauses which violate public policy: "(1) those which – if enforced – patently would tend to injure public morals, public health or confidence in the administration of the law, and (2) those which would destroy the security of individuals' rights to personal safety or private property." *Schmidt*, 912 P.2d 875. "[C]ourts should void contract clauses on public-policy grounds 'rarely, with great caution and in cases that are free from doubt.'" *Union Pacific R.R. Co.*, 591 F.3d at 1321 (quoting *Shepard v. Farmers Ins. Co.*, 678 P.2d 250, 251 (Okla. 1984)).

Nothing in the exculpatory clause at issue contradicts public policy. The clause simply reflects an allocation of responsibility for protection from loss between two businesses. Although the clause releases SDM from liability, any injured parties may still recover from Western. The clause does not violate public policy and satisfies the third element of the analysis. The exculpatory clause is enforceable, and SDM's Motion for Summary Judgment is granted.

## IV. Western's Motion for Summary Judgment

Western alleges it is entitled to summary judgment on its claims against SDM because SDM was responsible for maintenance of the door under the Lease and that SDM's negligence in maintaining the door caused Plaintiff's injuries. Because the Court has already concluded that SDM cannot be held liable to Western under the Lease, Western's Amended Motion for Summary Judgment is denied as moot.

### IV.     Conclusion

SDM's Motion for Summary Judgment and Brief in Support (Doc. 66) is GRANTED. Western's Amended Motion for Summary Judgment as to Third Party Claims Against SDM Properties (Doc. 73) is DENIED as moot.  Judgment will be entered separately.

Western's Motions in Limine (Doc. 79) and the Joint Motion for Status Conference (Doc. 93) are also DENIED as moot.

**SO ORDERED this 17th day of August, 2016.**

**TERENCE KERN
United States District Judge**